IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DUCHESNE; JACKSON,<br><br>              Plaintiff,<br><br>     vs.<br><br>ANGELA MEDELLIN, et al.,<br><br>              Defendant.<br>_____ | No. CV-F-05-436 REC/SMS<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO VACATE AND STRIKE<br>UNITED STATES<br>PLEADINGS/MOTIONS FOR LACK<br>OF STANDING, GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS WITHOUT LEAVE TO<br>AMEND, AND DIRECTING ENTRY<br>OF JUDGMENT FOR DEFENDANTS |

On July 11, 2005, the court heard defendant Angela Medellin's Motion to Dismiss.

Upon due consideration of the record and the arguments of the parties, the court grants the motion to dismiss and dismisses this action without leave to amend

Plaintiff "Robert Duchesne; Jackson", proceeding in pro per, has filed a Complaint pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against Internal Revenue Service Agent Angela

1

1  Medellin in her individual capacity.  The Complaint alleges that

2  Medellin

> at all times relevant to this complaint, was
> presumably employed by the IRS and acting
> under color of law in her individual
> capacity.  Said defendant is enriched,
> rewarded and compensated for her official
> capacity as an IRS employee, and is being
> sued herein in her individual capacity.

7  The caption of the Complaint also names "Any and All Does, each

8  in their Individual Capacity".  The Complaint alleges that

9  defendant Medellin, signed and issued a fraudulent "Notice of

10 Levy on Wages, Salary and Other Income", served the Notice of

11 Levy on plaintiff's employer "knowing that said Notice of Levy

12 was only applicable to Federal Employees", attempted to serve the

13 Notice of Levy "as if it had the force of a judicial order", and

14 "act[ed] in concert to trespass on private property with

15 malicious intent under color of law without judicial order (due

16 process)."  The Complaint further alleges that, on May 17, 2004,

17 Medellin issued the Notice of Levy to plaintiff's employer,

18 Greyhound Lines, Inc., levying plaintiff's compensation, and that

19 Greyhound complied with the levy on the dates and in the amounts

20 set forth in the Complaint.  The Complaint further alleges in

21 pertinent part:

> 15.  The herein above described actions and
> omissions engaged under color of Federal
> authority by the Defendant, including
> Defendants' employers, peers and ALL OTHER
> DOES, sued as persons, responsible because of
> their authorization, assistance, condoning,
> knowledge of the conspiracy to commit fraud,
> and/or ratification thereof for the acts of
> their employees, their peers, and ALL OTHER

DOES, being public servants, deprived Plaintiff's [sic] of his rights secured to him and expected by him pursuant to the Constitution for the United States of America in its entirety including but not limited to the Plaintiff's Fourth Amendment right to be free from the unlawful seizure of his person, house, papers, and effects; and Plaintiff's Fifth and Fourteenth Amendment rights to equal protection and to due process under the law.

16.   FIRST CAUSE: Plaintiff's Fourth Amendment right to be free from unreasonable seizure was violated when the said federal actors (Defendants) did not charge the proper authorities within the IRS to acquire the proper authorization to seize private property with probable cause and a judicial determination (due process), and then did not inform and coordinate their activities within the law.  Thus, Defendants acted with malice to commit <u>fraud and conspiracy to commit fraud</u>, on behalf of the federal government without judicial consent, outside of their jurisdiction, and carried out by persons other than statutorily created peace officers with delegated authority.

17.   SECOND CAUSE: Plaintiff's Fourth Amendment right to be secure in his house, papers, and effects from unreasonable or violent unprovoked attacks, as unreasonable searches and seizures by defendants was violated by each and every Defendants' actions either directly or indirectly.

18.   THIRD CAUSE: Plaintiff's Fifth and Fourteenth Amendment rights to due process were violated by Defendants who either physically assisted in this abduction of Plaintiff's personal property or who were assisted by others and Plaintiff will prove such as Plaintiff proceeds through discovery. Defendants used a false filing for the purpose of committing <u>fraud and conspiracy to commit fraud</u>, without a warrant, taking possession of the Plaintiff's property, having knowledge of such wrong doings, conspired therefore to, and had the power to prevent such acts, for which said Defendants

3

1    are liable for all damages incurred thereby.

2          19.   FOURTH CAUSE: By purposely omitting any
            reference to Title 26, U.S.C., § 6331(a) on
3          the reverse side of the fraudulent IRS
            'Notice of Levy on Wages, Salary, and Other
4          Income' (Form 668-W(ICS), Defendants
            concealed the fact that Title 26, U.S.C., §
5          6331 Levies apply only to Federal Employees
            and not to private Citizens.
6
   The Complaint prays for compensatory damages in the amount of
7
   $3,442.48 (the total amount of plaintiff's wages withheld
8
   pursuant to the Notice of Levy) and for punitive damages in the
9
   amount of $10,327.44.
10
          The United States, acting on behalf of defendant Medellin,
11
   moves the court to be substituted as the party defendant and
12
   moves to dismiss the Complaint on several grounds.
13
          Plaintiff has not filed an opposition as such to this motion
14
   to dismiss.  Rather, plaintiff has filed a "Motion to Vacate and
15
   Strike United States Pleadings/Motions for Lack of Standing."  In
16
   this motion, plaintiff asserts in pertinent part:
17
                As Plaintiff's complaint was expressly filed
18             against defendants in their individual
                capacities and the United States was not
19             named as a defendant, counsel for the United
                States (Counsel) has trespassed on this case
20             as an interloper, having no business in this
                Court or standing to file a motion of any
21             kind in the instant case.  Further, there is
                no indication the United States has
22             petitioned or been accepted by the Court as
                an *amicus curiae*.  Therefore, the document
23             titled 'United States' Motion to Dismiss' has
                no relevance in this Court and should be
24             vacated and stricken from the record.

25   Plaintiff also requests an evidentiary hearing.

26          Plaintiff's motion to strike the Motion to Dismiss is

                                  4

1  without merit and is denied without further proceedings.  As

2  discussed _infra_, the United States is not a proper party

3  defendant to the Complaint as pleaded.  However, there is nothing

4  improper about the United States filing a motion in defense of a

5  claim against a federal employee, especially where, as here,

6  Medellin has signed a written authorization for the United States

7  to represent her in this action.[1]

8       A.  <u>Substitution of United States as Proper Party Defendant</u>.

9       The United States argues that it should be substituted as

10  the proper party defendant in this action.

11       The United States is entitled to be substituted as the

12  proper party defendant to the extent that the defendants named in

13  the Complaint are sued because of actions taken by Internal

14  Revenue Service employees in their official capacities.  Such a

15  suit is a suit against the United States.  <u>Ferrel v. Brown</u>, 847

16  F.Supp. 1524, 1526 (W.D. Wash. 1993), <u>aff'd</u>, 40 F.3d 1049 (9th

17  Cir. 1994); <u>see also</u> <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458

18  (9th Cir. 1985).

19       However, as noted <u>supra</u>, the Complaint alleges that

20  defendants, sued in their individual capacities, have violated

21

_____

22       [1]At oral argument, plaintiff asserted that dismissal of this
    action is improper because the parties dispute whether the action
23  can be heard by a United States Magistrate Judge as opposed to an
    Article III judge.  Plaintiff apparently is referring to his
24  challenge to the authority of the United States Magistrate Judge to
    hear and resolve specified pretrial matters.  The court has ruled
25  that plaintiff's objection is without merit.  Therefore,
    plaintiff's argument that dismissal is improper because of this
26  dispute is baseless.

1  plaintiff's constitutional rights.  Actions against federal
2  employees in their individual capacities are permitted where the
3  employees are alleged to have violated the Constitution while
4  acting under color of federal authority.  <u>Gilbert v. DaGrossa</u>,
5  <u>id</u>. at 1459.

6      Consequently, to the extent that the United States moves to
7  be substituted as the proper party defendant, this motion is
8  denied.[2]

9      B.  <u>Failure to State a Claim</u>.

10     Defendant moves to dismiss this Complaint for failure to
11 state a claim upon which relief can be granted against Medellin
12 or any of the Doe Defendants.

13     A complaint should not be dismissed unless, after all of
14 plaintiff's allegations of material fact are accepted as true, it
15 appears beyond doubt that the plaintiff can prove no set of facts
16 which would entitle him to relief.  Furthermore, the court must
17 construe a <u>pro se</u> plaintiff's pleadings liberally in determining
18 whether a claim has been stated.  <u>Ortez v.  Washington County,</u>
19 <u>State of Or.</u>, 88 F.3d 804, 807 (9th Cir. 1996); <u>Eldridge v.</u>
20 <u>Block</u>, 832 F.Supp. 1132, 1137 (9th Cir. 1987).  In addition, "in
21 apprising the sufficiency of the complaint we follow ... the
22 accepted rule that a complaint should not be dismissed for
23 failure to state a claim unless it appears beyond doubt that the
24 plaintiff can prove no set of facts in support of his claim which

25 _____

26     [2]Nonetheless, the United States appropriately is acting as
   counsel for defendants.

6

1  would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-

2  46 (1957).  Before a district court's dismissal of a complaint

3  without leave to amend will be affirmed, the district court must

4  have first adopted less drastic alternatives, such as advising

5  plaintiff of the deficiencies in the pleading and giving leave to

6  amend to correct them.  <u>Id</u>.  Although a district court should

7  grant leave to amend even if no request to amend the pleading was

8  made, the court may dismiss without leave to amend if it

9  determines that the pleading could not possibly be cured by the

10 allegation of other facts.  <u>See</u> <u>Cook, Perkiss & Liche v. N. Cal.</u>

11 <u>Collection Services</u>, 911 F.2d 242, 247 (9th Cir. 1990).

12     The Complaint alleges that it is brought pursuant to 42

13 U.S.C. § 1983.  However, there is no valid basis for a claim

14 under Section 1983 because the allegations of the Complaint are

15 against federal officials acting under color of federal law.

16 Section 1983 provides a remedy only for deprivation of

17 constitutional rights by a person acting under color of law of

18 any state or territory of the District of Columbia.  <u>See</u> <u>Daly-</u>

19 <u>Murphy v. Winston</u>, 837 F.2d 348, 355 (9th Cir. 1988).

20     Therefore, to the extent that the Complaint purports to

21 allege a claim for relief pursuant to Section 1983, the Complaint

22 is dismissed.  This dismissal is without leave to amend because

23 there is nothing in the Complaint, plaintiff's motion to strike

24 or, plaintiff's comments at oral argument from which it may be

25 inferred that Medellin conspired to act in concert with state

26 officials to act under color of state law to deprive plaintiff of

7

1  his constitutional rights.  <u>See</u> <u>Billings v. United States</u>, 57

2  F.3d 797, 801 (9th Cir. 1995).

3       To the extent that the Complaint purports to allege a claim

4  pursuant to <u>Bivens</u>, the Complaint does not state a claim upon

5  which relief can be granted.  A right of action under <u>Bivens</u> for

6  allegedly unconstitutional tax collection activity is not implied

7  by the court because of the comprehensive and exclusive remedies

8  provided by the Internal Revenue Code and regulations, including

9  26 U.S.C. § 7433.  <u>See</u> <u>Wages v. IRS</u>, 915 F.2d 1230, 1235 (9th

10 Cir. 1990), <u>cert. denied</u>, 498 U.S. 1096 (1991); <u>Ivy v. Mason</u>, 30

11 F.Supp.2d 1268, 1270 (D.Idaho 1998); <u>see also</u> <u>Adams v. Johnson</u>,

12 355 F.3d 1179 (9th Cir. 2004).  Therefore, to the extent that the

13 Complaint purports to allege a <u>Bivens</u> claim, it is dismissed with

14 prejudice.

15      In his "Motion to Vacate and Strike United States

16 Pleadings/Motions for Lack of Standing", plaintiff asserts that

17 he filed this action because he has discovered "several

18 delegations of authority from the Secretary to the Commissioner

19 wherein the Secretary granted the Commissioner authority to

20 administer internal revenue laws within specific areas over which

21 Congress has exclusive legislative jurisdiction", that those

22 areas are "'U.S. territories and insular possessions', 'Panama

23 Canal Zone', 'Puerto Rico' and 'the Virgin Islands'."  Plaintiff

24 contends that "<u>[t]here is no delegation of authority for the</u>

25 <u>Commissioner to administer internal revenue laws within the</u>

26 <u>several 50 states</u>; areas over which Congress DOES NOT have

1    exclusive legislative jurisdiction."  Plaintiff contends:

2                [T]his case is NOT about taxes.  It is about
              what authority Defendants have to administer
3             and enforce internal revenue laws (subtitle A
              and C laws) within the several 50 states.  No
4             matter how much the United States would like
              to distract this court into other irrelevant
5             issues, let it be clear to this court that
              the issue is one of the authority of the
6             Defendants to act on behalf of the Secretary
              against Plaintiff and nothing more.

7    Defendant's position is based on his reading of several Treasury

8    Department Orders (TDOs).

9         Defendant's position is without merit.  See <u>Powers v.</u>

10   <u>C.I.R.</u>, 1990 WL 199043 (U.S.Tax Ct. 1990); <u>Ross v. C.I.R.</u>, 1992

11   WL 456827 (S.D.Ind. 1992).  Therefore, to the extent that

12   plaintiff may be seeking leave to amend the Complaint to state a

13   claim based on the position articulated above, leave to amend is

14   denied as futile.[3]

15        ACCORDINGLY:

16        1.  Plaintiff's "Motion to Vacate and Strike United States

17   Pleadings/Motions for Lack of Standing" is denied.

18        2.  Defendant's Motion to Dismiss is granted.  This action

19   is dismissed without leave to amend against all defendants.

20

21

22        [3]The United States contends that the Complaint cannot be
     amended to state claims for relief against the United States that
23   the IRS was not authorized to serve the Notice of Levy under Title
     26, or that plaintiff is entitled to relief pursuant to 26 U.S.C.
24   § 7433 or under the Federal Tort Claims Act and that sovereign
     immunity bars any suit against the United States.  Although
25   plaintiff repeatedly emphasized that this action is not against the
     United States and did not respond to the merits of these
26   contentions, the court agrees with the United States and concludes
     that the Complaint cannot be so amended.

1      3.   The Clerk is directed to enter judgment for defendants.

2      IT IS SO ORDERED.

3  **Dated:  July 14, 2005**              **/s/ Robert E. Coyle**
   668554                        UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26